(104 So. 218)

No. 26649.

McDADE et al. v. CAPLIS.

SAME v. GULLY et al.

(March 30, 1925. Rehearing Denied April 27, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Appeal and error ⬤⟳1206 — Rule to show cause proper where deed to land ordered surveyed indefinite.**

Where decree of Supreme Court in boundary action ordered a survey but deed was so indefinite as to location of certain lands that it was impossible to make a survey, a rule in lower court to show cause was proper method of raising issue as to description of such land, in view of Code Prac. art. 755.

**2. Appeal and error ⬤⟳1206—Motion for rule to show cause why property indefinitely described should not be definitely described or selection made, properly granted.**

Where deed described land merely as 17.96 acres of larger tract, motion, in boundary action, in which survey had been ordered, for rule to show cause why it should not be described as 17.96 acres off the east of designated lot, and deed executed accordingly, or, in the alternative, why defendant should not be required to select 17.96 acres, presented equitable and fair solution of issue, and was properly granted.

**3. Appeal and error ⬤⟳1149—Decree amended to correct a misdescription of land, but not as to delay granted to select land.**

Where decree in boundary suit allowed defendant 30 days to select a tract of land covered by indefinite description, and in default of such selection authorized plaintiff to convey certain described land to defendant, *held*, that the decree would not be amended on appeal to deny the delay of 30 days granted to defendant, especially where he was a nonresident, but would be amended to correct description of that to be conveyed, on default, to agree with plaintiff's offer.

Appeal from Second Judicial District Court, Parish of Bossier; Robert Roberts, Jr., Judge.

Consolidated actions by J. G. McDade and others against W. A. Caplis and Mrs. Henrietta Gully and others. From judgment for plaintiffs, defendants appeal. Judgment amended and affirmed.

See, also, 154 La. 1019, 98 So. 625.

Slattery & Slattery, of Shreveport, for appellant W. A. Caplis.

L. C. Butler, of Shreveport, for appellants Mrs. H. Gully and others.

Wilkinson, Lewis & Wilkinson, of Shreveport, for S. J. Smith, warrantor, appellant.

Murff & Perkins, of Shreveport, for appellees.

LAND, J. Judgment was rendered in favor of plaintiffs in the Second judicial district court for the parish of Bossier ordering a survey of the property as prayed for by plaintiffs, and, on appeal to this court, the judg-

ment was amended so as to reserve the right of plaintiffs to sue for rental on any land the defendants might be found to have in their possession after the completion of the survey.

On rehearing, this court further amended its decree so as to read as follows:

"Therefore, it is now ordered that our former decree herein be amended so as to adjudge plaintiffs to be the owners of 82.04 acres which they had acquired from the Bossier levee board, and that the survey demanded in plaintiffs' petition and ordered by the lower court be made *so as to define the limits of plaintiffs' said land with reference to, and exclusive of, the 17.96 acres conveyed by plaintiffs to S. J. Smith on September 12, 1908, and* situated in section 22, township 16 N., range 12 W., Bossier parish, and that, as thus amended, and as amended by our former decree herein, the judgment appealed from be affirmed."

"It is further ordered that our previous decree as thus modified remain undisturbed."

It was not possible for this court to locate the 17.96 acres more definitely in our decree, for the reason that this tract of land is described in the deed from plaintiffs to Smith as follows:

"And also seventeen & 96/100 (17.96) acres of land situated in section 22 T. 16 R. 12, purchased by these vendors from the board of commissioners of the Bossier levee district."

And the tract of land purchased by plaintiffs from said levee board is described in the deed as:

"Lots ten, eleven, twelve and thirteen, in section twenty-two, township sixteen, of Bossier parish, Louisiana, consisting of all land within the traverse of Half Moon Lake in said section according to a map and survey made by G. D. Alexander and J. M. Davies on record in Bossier parish, Louisiana, *containing one hundred acres of water and land*, the tillable land being estimated at seventeen and one-half acres."

Because of the indefinite and uncertain description of this 17.96 acres, the plaintiffs found it impossible to make the survey as ordered by this court, and proceeded by rule in the lower court, citing Smith and defend-ants, to show cause why said tract should not be specifically described as follows:

"17.96 acres off the east of lot 13, according to map of Alexander & Davies, of the lands within the traverse of Half Moon Lake in section 22, township 16, range 12, Bossier parish, La., and why a deed made by petitioners to the said Smith of said described land should not be made and stand in lieu of the deed of September 12, 1908; or, in the alternative, that said Smith be made to select a certain 17.96 acres out of said levee board tract, to which plaintiffs may make him a deed, which shall stand in lieu of said deed of September 12, 1908, and be more explicit description of same; or in the further alternative, that said deed of September 12, 1908, in so far as it may refer to the 17.96 acres of levee board land, be declared null and void and of no effect; and that the survey ordered by the court of first instance be proceeded with."

Defendants excepted to the proceeding by rule as summary, illegal, and unauthorized, and also tendered an exception of no cause or right of action to the rule.

Both exceptions were overruled. Defendants answered, and assert in their answer to said rule that, if plaintiffs have any claim to said levee board land, it is only to 82.04 acres out of some 150 acres included in said purchase, and that defendants are entitled to the remainder, instead of 17.96 acres.

The judgment of the district court ordered S. J. Smith to select out of the tract of land sold to plaintiffs by the board of levee commissioners of Bossier parish 17.96 acres as the land purchased by Smith in the deed of September 12, 1908, and ordered plaintiffs to make a deed, amplifying and more particularly describing said land, and, in default of making said selection within 30 days, plaintiffs in rule were authorized to make Smith "a deed to 17.96 acres off the *northeast part* of lots 13 and 14 of the levee board lands, if necessary to make 17.96 acres, *as suggested in plaintiffs' petition*."

Defendants have appealed. Plaintiffs and appellees have answered the appeal, and pray that the judgment of the lower court be amended by striking out that part of the de-

cree giving S. J. Smith 30 days in which to select certain acreage, and that said judgment be further amended by ordering the deed of September 12, 1908, from plaintiffs to Smith to be so corrected as to describe the 17.96 acres off the east part of lot 13 according to the Alexander and Davies survey of Half Moon Lake.

[1] 1. As the ownership of defendants to only 17.96 acres in the levee board tract has already been adjudicated by this court in its former decree, it is unimportant whether said tract contains 100 acres or 150 acres, as defendants have no claim to any acreage in same in excess of the quantity already awarded them by the final judgment of this court. We see no good reason, therefore, why the issue as to the description of the 17.96-acre tract should not be raised by rule in this case, as the extent of the ownership of defendants has already been determined definitively, and a survey has already been ordered to be made. The main issues have all been passed upon, and the description of the 17.96-acre tract is therefore a mere incident in the enforcement of the decree of this court as to the survey of the property in dispute. C. P. art. 755.

[2] 2. Plaintiffs have recited in their motion for the rule our decree determining the extent of the ownership of defendants and ordering the survey; the impossibility from description in deeds of locating the 17.96 acres; their willingness to execute a deed to Smith, the vendor of defendants, for this tract off the east side of lot 13 according to survey and map of Alexander & Davies; or to execute a deed to Smith for any 17.96 acres out of the levee board tract which he may select.

Such allegations are all that can possibly be made under the circumstances of the case. They sufficiently set forth a cause or right of action, and present the only equitable and fair solution of the issue, with due regard to the rights of all parties concerned. Plaintiffs propose to make certain the description of the 17.96 acres in the only way in which it seems feasible to do so, as the record is barren of any proof as to what was the intention of the parties as to the particular location of the tract in controversy, and the description in the deed is too vague to assist the surveyors in the correct location of the acreage.

[3] 3. We find no good reason to amend the decree as to the delay of 30 days granted to Smith within which to select the 17.96 acres, especially as he is a nonresident and is represented by a curator ad hoc.

However, there should be an amendment of that part of the decree of the lower court authorizing plaintiffs, in default of Smith's failure to make the selection, to execute to him "a deed to 17.96 acres off the northeast part of lots 13 and 14, if necessary to make 17.96, as suggested in plaintiffs' petition," as the description as to the lots is clearly an error, since plaintiffs suggest in their petition a deed to Smith to 17.96 acres "off the east of lot 13, according to the survey and map of Alexander & Davies."

The judgment of the lower court is therefore amended to make the proposed deed from plaintiffs to Smith include 17.96 acres off the east of lot 13 according to the survey and map of Alexander & Davies, and, as amended, the judgment is affirmed.